UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DaMARCUS WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-696-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

DaMarcus Wright, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (MCF 17-06-146) at the Miami Correctional Facility on June 25, 2017, where a Disciplinary Hearing Officer (DHO) found him guilty of Possession or Use of a Controlled Substance in violation of Indiana Department of Correction policy B-202. ECF 1 at 1, ECF 3 at 6. As a result, he lost 30 days earned credit time and was demoted from Credit Class B to Credit Class C. *Id.*

In his petition, Wright presents one ground which he argues entitles him to habeas corpus relief. Here, Wright asserts that his due process rights were violated because prison officials did not test the cigarette he was found smoking for controlled substances. ECF 1 at 2. Specifically, Wright states he "was seen smoking a cigarett[e] and written up for the possession of a controlled substance" but "[t]here was no confiscation of any drug, tobacco, etc." and his request to "have the controlled substance tested . . . was denied." *Id.*

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Wright as follows:

> On 6-5-17 at approximately 6:07 PM, I, Sergeant E. Parkin, walked onto the 100/200 range dayroom of EHU. Looking towards the microwave by the laundry room I observed Offender Wright, Damarcus #215474 E212 standing with his back against the laundry room door holding an object up to his mouth. I observed the object glow bright red at the tip. As I approached Offender Wright, he appeared to pass the object off to another item. I requested Offender Wright give me his ID card as I believed him to be smoking a controlled substance in the dayroom. Offender Wright did not have his ID card on him and I escorted him to E212 to retrieve his ID card. At approximately 9:30 PM Offender Wright contacted me in the

2

> pod requesting that I not write him up. I explained that as I had observed the red hot end of a stick commonly utilized by offenders to smoke controlled substances, that he would be receiving a B202 for possession/use of a controlled substance.

ECF 3 at 2. The IDOC defines offense B-202 as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The IDOC's definition of 'possession' includes any contraband on the prisoner's person, without reference to ownership: "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_ Adult_Offenders___6-1-2015.pdf.

The prison's refusal to test Wright's cigarette for controlled substances did not violate his due process rights. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). While prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See also*

3

*Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Thus, the fact that the cigarette was not tested for controlled substances is not a basis for habeas relief.

In sum, the DHO had sufficient evidence to find Wright guilty of violating offense B-202 and the decision to do so was not arbitrary. Though there may have been some other reason he was seen holding a glowing red hot stick, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457.

For these reasons, the petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and the clerk is directed to CLOSE this case.

SO ORDERED on February 28, 2018.

                                                    /s/ JON E. DEGUILIO
                                            JUDGE
                                            UNITED STATES DISTRICT COURT